# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARY YONCE,**
                **Plaintiff,**

**-vs-**                                                  **Case No. 6:05-cv-1416-Orl-KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION,**
                **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S PETITION FOR ATTORNEY FEES (Doc. No. 34)**
>
> **FILED:**      April 30, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I.  BACKGROUND.

The history of this case is somewhat unusual. On September 26, 2005, Juan Gautier, Esq., then counsel for Plaintiff Mary Yonce, filed the complaint in this case. Doc. No. 1. The Commissioner subsequently answered the complaint. Doc. No. 7. The Court established dates by which the parties were required to file their respective memoranda of law. Doc. Nos. 10, 14. When Attorney Gautier did not timely file a memorandum of law, the Court issued an order to show cause why the case should not be dismissed for failure of prosecution. Doc. No. 15. Attorney Gautier did not timely respond to the motion. Therefore, the case was dismissed on May 25, 2006. Doc. No. 16.

Thereafter, Attorney Gautier was suspended as a member of the Bar of this Court. Sarah H. Bohr, Esq., was appointed by the Court as an inventory attorney in all of Attorney Gautier's cases. Doc. No. 17.

In May 2007, Attorney Bohr filed a motion for relief from the dismissal of the case. Doc. No. 21. After the parties were given an opportunity to submit memoranda of law on the issue, the Court granted the motion for relief from judgment and reopened the case. Doc. No. 25. Subsequently, Attorney Bohr filed a memorandum of law on behalf of Yonce, and the Commissioner responded. Doc. Nos. 30, 31. Thereafter, on February 4, 2008, the Court reversed the decision of the Commissioner and remanded the case for further proceedings. Doc. No. 32. Judgment was entered on February 6, 2008. Doc. No. 33.

Yonce seeks $5,808.69 in attorney's fees for 6.85 hours of work by Charles L. Martin, Esq., and 27.9 hours of work by Attorney Bohr. The Defendant, the Commissioner of Social Security (Commissioner), objects, in part, to the request for an award of attorneys' fees. Doc. No. 35. The Court permitted Yonce to file a reply, which is supported by the Supplemental Affidavit of Charles Martin. Doc. Nos. 36, 37. It appears from Martin's supplemental affidavit that he seeks additional fees for 2.5 hours of work performed preparing the reply to the Commissioner's objection to the fee petition. *See* Doc. No. 36-3. The matter is now ripe for resolution.

**II.   ATTORNEYS' FEES.**

   *A.   Reasonable Hourly Rates.*

Attorneys Bohr and Martin seek $161.85 for work performed in 2006, and $168.68 for work performed in 2007 and 2008. Attorney Bohr represents that she retained Attorney Martin to assist

her in filing the motion for relief from judgment in this case. She sought his assistance, in light of the large number of cases for which she assumed responsibility as the inventory attorney, because of his expertise in social security disability law. Doc. No. 36-2 at 1.

Martin avers that he is a 1977 graduate of the Mercer University School of Law, and is admitted to practice in the state of Georgia and in numerous federal courts. Martin Aff., doc. no. 34-2 at 2. He has represented Social Security disability claimants since 1977 in administrative proceedings and since 1981 in federal courts. *Id.* Most of his practice since 1985 has been in social security disability cases. *Id.* at 3.

The Commissioner contends that because Martin did not seek to appear specially in this case, he should not be awarded fees for his time or should be awarded fees only at a reduced rate consistent with the work of a paralegal. The Commissioner stresses that Attorney Martin may have abused his right to appear specially in this Court by appearing as counsel in sixteen cases in the past ten years, and six times in the past two years. Doc. No. 35 at 2-4.

Local Rule 2.02 provides that an attorney who is a member in good standing of the bar of any District Court of the United States may appear specially as counsel of record provided that such privilege is not abused by appearances in separate cases to such a degree as to constitute the maintenance of a regular practice of law in Florida. The Florida Bar defines more than three appearances within a 365-day period as suggesting that the non-Florida attorney is engaging in a regular practice of law in Florida. *See also In re: Amendments to the Rules Regulating the Florida Bar and the Florida Rules of Judicial Administration*, 907 So. 2d 1138,1142- 43 (Fla. 2005).

Martin's time sheet reflects that he began working on this case in December 7, 2006. Doc. No. 34-3 at 1. The Court's records reflect that in the 365 days preceding that date, Martin had appeared as counsel of record in this Court in only one other case: *Whitaker v. Comm'r*, 5:06-cv-102-Oc-10GRJ. Accordingly, had Martin sought to appear specially in this case when he first began assisting Bohr, there is no record evidence that he would have been barred from doing so under Local Rule 2.02(a) or the *Rules Regulating the Florida Bar*. Furthermore, the Commissioner cites no authority that precludes an attorney who is not counsel of record from receiving EAJA fees if it is shown that the attorney performed compensable work in the case.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that attorney's fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Movant has provided an analysis based on the Consumer Price Index (CPI) that supports the requested hourly rates. I find that hourly rates sought, adjusted by the CPI, are below the reasonable market rates to which Bohr and Martin would be entitled in the central Florida market. Therefore, I find that the hourly rates are reasonable.

   *B.*     *Reasonable Number of Hours.*

Martin worked 5.45 hours in 2006, 1.3 hours in 2007, and 2.6 hours in 2008. Bohr worked 2.3 hours in 2006, 22.3 hours in 2007, and 3.3 hours in 2008. Doc. No. 34 at 3-4; Doc. No. 34-3 at 1-2; Doc. No. 36-3 at 1.

The Commissioner objects to the following hours, or portions thereof, as reflecting duplicative work by Bohr and Martin:

| LAWYER | DATE | DESCRIPTION | HOURS |
|---|---|---|---|
| Bohr | 11/24/2006 | Correspondence to Chuck Martin | 0.3 |
| Bohr | 12/18/2006 | Review Motion for Relief from judgment and file | 1.5 |
| Martin | 12/07/2006 | Research, draft motion and brief<br>Call client, prepare affidavit, Modify brief | 4.8 |
| Martin | 12/08/2006 | Revise motion and brief | 0.2 |
| Martin | 12/18/2006 | Assist Bohr in filing | 0.05 |
| Martin | 01/04/2007 | Review Government response, draft file memo analyzing brief, recommending not seeking permission to file sur-reply | 1.3 |
| Bohr | 05/03/2007 | Review order; e-mail to Chuck Martin | 0.2[1] |
| Bohr | 05/10/2007 | Edit motion for relief from judgment and refile | 0.8 |

The Commissioner is correct that general correspondence between counsel, the task of e-mailing an order to co-counsel, and clerical assistance in filing are not compensable tasks. Therefore, 0.3 hours will be deducted from Bohr's 2006 time, 0.1 hours will be deducted from Bohr's 2007 time, and 0.05 hours will be deducted from Martin's 2006 time. The Commissioner's objection to the time Bohr and Martin spent in a collaborative effort to draft and revise the motion for relief from judgment is not well taken. It is permissible for lawyers to review and edit each other's work, and the amount of time each of them spent on this task was not unreasonable.

---

[1] The Commissioner objects to only 0.1 hours of this time. Doc. No. 35 at 5.

Therefore, I find that Bohr reasonably worked 2.0 hours in 2006, 22.2 hours in 2007, and 3.3 hours in 2008. I find that Martin reasonably worked 5.4 hours in 2006, 1.3 hours in 2007, and 2.6 hours in 2008.

C. *Lodestar.*

The reasonable hourly rates multiplied by the reasonable number of hours results in the following lodestar attorneys' fees:

| LAWYER | YEAR | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Martin | 2006 | 5.4 | $161.85 | $873.99 |
| Martin | 2007 | 1.3 | $168.68 | $219.28 |
| Martin | 2008 | 2.6 | $168.68 | $438.57 |
| **TOTAL FEES FOR MARTIN** | | | | **$1,531.84** |
| Bohr | 2006 | 2.0 | $161.85 | $323.70 |
| Bohr | 2007 | 22.2 | $168.68 | $3,744.70 |
| Bohr | 2008 | 3.3 | $168.68 | $556.64 |
| **TOTAL FEES FOR BOHR** | | | | **$4,625.04** |

**III.    COSTS.**

Yonce also seeks reimbursement for the $250.00 filing fee. The Commissioner has no objection to reimbursement of this cost. Accordingly, Yonce is awarded $250.00 in costs.

**IV.   CONCLUSION.**

It is **ORDERED** that the Commissioner shall pay $6,156.88 to counsel for Yonce, pursuant to her assignment of fees to her counsel. It is further **ORDERED** that the Commissioner shall pay to Yonce $250.00 in costs.

**DONE** and **ORDERED** in Orlando, Florida on June 11th, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties